## WEBSTER v. MANNING.

CONTRACT: CONVEYANCE: TENDER.

*Appeal from Woodbury Circuit Court.*

FRIDAY, DECEMBER 5.

THE plaintiff claims to be the owner in equity of the SE ¼ of SE ¼ of section 21, township 88, range 47, the legal title to which is in the defendant. The plaintiff prays that the defendant be decreed to convey the title to him. The land was formerly owned by one Cook, and was conveyed by him to one Calvin Manning, and by him to the defendant. The plaintiff avers that he entered into a contract with Cook for the land at the agreed price of $7.00 an acre before Cook conveyed the same to Calvin Manning;

that afterwards one Pierce & Jackson purchased of Cook two hundred and eighty acres, which included the forty acres in question, for the price of $1,500; the said forty acres being purchased subject to plaintiff's contract for the same, as above set out; that Pierce & Jackson sold to the defendant the two hunded and forty acres purchased by them for themselves under an agreement that he should receive a conveyance of the whole two hundred and eighty acres, and pay therefor $1,500, and convey to plaintiff at $7.00 an acre the forty acres contracted for by him; that this agreement was in the first place oral, but was partly performed by reason of the fact that the defendant was allowed to purchase the property at the price stipulated in consideration in part of the conveyance to the plaintiff. The plaintiff further avers that the agreement on the part of the defendant to convey the forty acres to him was reduced to writing, being contained in certain letters written and sent by defendant to plaintiff's agents. The defendant, for answer, denied all contracts as alleged. The court rendered a decree for the defendant. The plaintiff appeals.

*Joy & Wright*, for appellant.

*Chase & Taylor*, for appellee.

ADAMS, J.—The land in question is situated in Woodbury county. The plaintiff commenced negotiations for its purchase in September, 1872. He applied for the land to Pierce & Jackson, at Sioux City, who were acting as Cook's agents, Cook being a resident of Des Moines county. The purchase price was fixed by Cook, but nothing was paid by plaintiff nor tendered. In May, 1873, Cook conveyed the land to Calvin Manning, and in June following Calvin conveyed to the defendants, to whom it should have been conveyed by Cook in the first instance. Letters written by the defendant to Pierce & Jackson about the time of the conveyance to him indicate that he expected to convey to the plaintiff forty acres of land, probably the forty in question, upon the receipt therefor of $7.00 an acre. In April, 1874, the defendant wrote to Pierce & Jackson as follows: "It is too late now to talk about the forty acres at $7.00. That would have been all right at the time; but then and now are different periods." One year later, this action was commenced to compel the defendant to convey to the plaintiff. The petition avers no tender by the plaintiff, but avers that he has always been ready to pay the contract price upon the execution of a deed to him by defendant.

The defendant contends that at most there was a mere proposition on the part of Cook, afterwards on the part of the defendant, to sell to plaintiff at $7.00 an acre, which proposition plaintiff never accepted in such a way that either Cook or the defendant could have maintained an action for the money, and that it was the defendant's right, therefore, to withdraw the proposition at pleasure.

We have read the evidence carefully, and we have to say that it is by no means clear to us that the defendant had any contract with the plaintiff which he could have enforced against him. But we do not deem it necessary to go into an inquiry upon this point. We do not think that the plain-

tiff has shown himself in a position to rightfully demand a deed upon his theory of the contract. His theory is that he made a contract in the first instance with Cook, in 1872, whereby he was to have a deed of the land and pay Cook $280; that afterwards, in 1873, it was agreed between plaintiff and the defendant that the defendant should take a conveyance of the land from Cook, and pay Cook the $280, and plaintiff should pay defendant that amount, and receive a conveyance of the land from the defendant; that defendant did pay Cook the $280, and take a conveyance of the land from him.

It is not shown that any time was expressly agreed upon when plaintiff was to pay defendent. But taking the contract to be as the plaintiff states it, the payment should have been made at once. It is true he would not necessarily forfeit his rights by a short delay; but any delay, whether short or long, would entitle the defendant to interest; and this would be so whether the transaction be deemed a sale by defendant to plaintiff, or an advancement of money by defendant for plaintiff's benefit and in the nature of a loan by defendant to plaintiff. Now, we think that in order to entitle the plaintiff to a deed he should have offered to pay the sum agreed upon at the time it was due, or that sum afterwards with interest. The fact appears to be that no offer of payment of any kind was ever made to the defendant directly. The offer relied upon was made to Pierce & Jackson, who claimed to be acting as agents for the defendant. The alleged agency is disputed, but conceding it we think that the offer was insufficient. The offer consisted in delivering to Pierce & Jackson an order which is in these words:

"T. J. STONE: When Pierce & Jackson get deed SE SE 21, 88, 47, let them have $280 and charge to my account."

(Signed)                                                    J. B. WEBSTER."

This order, as we understand the evidence, was given about a year after payment for the land should have been made. Without noticing any other objection to the giving of the order as an offer of payment, it is sufficient, we think, to say that the offer was not large enough.

The plaintiff endeavors to meet this point by saying that it was accepted by Pierce & Jackson as a sufficient offer. The evidence of Pierce & Jackson's agency is found in Pierce's testimony in these words: "Manning authorized me to receive the money for him for this forty." But this did not authorize him to accept as full performance, or offer of performance, of plaintiff's contract what was not such in fact.

The plaintiff claims, however, that he was always ready to pay, and so informed Pierce & Jackson. There is some evidence to that effect, but the evidence does not show that he offered to pay anything prior to the delivery of the order, or that he offered at any time more than the order called for. In our opinion the judgment must be

AFFIRMED.